**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2067-18T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

VAMBAH SHERIFF, a/k/a
SEKOU M. SHERIFF,

    Defendant-Appellant.

_____

Submitted December 10, 2019 – Decided January 21, 2020

Before Judges Accurso and Gilson.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 10-09-2090.

Joseph E. Krakora, Public Defender, attorney for appellant (Steven M. Gilson, Designated Counsel, on the brief).

Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Caroline C. Galda, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Vambah Sheriff appeals from an October 19, 2018 order denying his petition for post-conviction relief (PCR) following oral argument, but without an evidentiary hearing. We affirm because defendant's petition was time-barred under Rule 3:22-12(a)(1).

Defendant and F.B. got into a physical fight.[1] F.B. testified that he confronted defendant when he saw defendant and his roommate, K.D., smoking marijuana outside his house. During the confrontation, F.B. was stabbed multiple times with a sharp object. The police responded, found F.B. bleeding, and F.B. was taken to the hospital where he was treated for numerous puncture wounds and a collapsed lung.

Defendant and K.D. were charged with conspiracy to commit aggravated assault, aggravated assaults, and weapons offenses. Prior to trial, defendant moved to sever his trial from the trial of K.D. The trial court conducted a hearing, took testimony from K.D., and denied the motion, finding that K.D. was prepared to testify at a joint trial or a separate trial.

Defendant and K.D. were then tried together. Defendant elected to testify and claimed that F.B. attacked him, he acted in self-defense, and did not know

---

[1] We use initials for the victim and certain witnesses to protect their privacy interests.

how F.B. got cut. K.D., thereafter, elected not to testify. The jury convicted defendant of third and fourth-degree aggravated assault, N.J.S.A. 2C:12-1(b)(7) and N.J.S.A. 2C:12-1(b)(3);[2] third-degree possession of a weapon for unlawful purpose, N.J.S.A. 2C:39-4(d); and fourth-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(d).

On February 10, 2012, defendant was sentenced to an aggregate prison term of four years. Specifically, the fourth-degree assault and weapons convictions were merged, and defendant was sentenced to concurrent prison terms of four years on the third-degree aggravated assault and weapon convictions.

Defendant appealed, but in 2014 we affirmed his convictions and sentence. State v. Sheriff, No. A-3505-11 (App. Div. Mar. 24, 2014). That same year, the Supreme Court denied defendant's petition for certification. State v. Sheriff, 220 N.J. 42 (2014).

On February 13, 2018, defendant filed a petition for PCR, arguing that his trial and appellate counsel were ineffective. Defendant was assigned PCR counsel and the PCR court heard oral argument on October 19, 2018. That same

---

[2] The judgment of conviction identifies both aggravated assault convictions as third-degree offenses. A conviction under N.J.S.A. 2C:12-1(b)(3), however, is a fourth-degree crime.

day, the court entered an order denying defendant's petition and explained the reasons for the ruling on the record. The PCR court found that defendant's petition was time-barred, without excusable neglect. The court also analyzed the substance of defendant's arguments and found that he failed to make a prima facie showing of ineffective assistance of trial or appellate counsel.

On this appeal, defendant presents three arguments for our consideration:

> POINT I – DEFENDANT'S PCR PETITION SHOULD NOT HAVE BEEN TIME-BARRED.
>
> POINT II – THIS MATTER MUST BE REMANDED FOR AN EVIDENTIARY HEARING BECAUSE DEFENDANT ESTABLISHED A PRIMA FACIE CASE OF APPELLATE COUNSEL'S INEFFECTIVENESS FOR FAILING TO RAISE THE DENIAL OF HIS SEVERANCE MOTION.
>
> POINT III – THIS MATTER MUST BE REMANDED FOR FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING DEFENDANT'S CLAIM THAT APPELLATE COUNSEL WAS INEFFECTIVE FOR NOT RAISING THE DENIAL OF HIS SEVERANCE MOTION.

Having conducted a de novo review, we reject defendant's arguments because his petition was time-barred. Defendant made no showing of excusable neglect. Just as importantly, defendant made no showing that enforcement of the time-bar would result in a fundamental injustice.

4

Rule 3:22-12(a)(1) precludes PCR petitions filed more than five years after entry of a judgment of conviction unless the delay was "due to defendant's excusable neglect and . . . there is a reasonable probability that if the defendant's factual assertions were found to be true enforcement of the time bar would result in a fundamental injustice." Our Supreme Court has stated that "[t]he time bar should be relaxed only 'under exceptional circumstances' because '[a]s time passes, justice becomes more elusive and the necessity for preserving finality and certainty of judgments increases.'" State v. Goodwin, 173 N.J. 583, 594 (2002) (second alteration in original) (quoting State v. Afanador, 151 N.J. 41, 52 (1997)). Moreover, we have held that when a first PCR petition is filed more than five years after the date of entry of the judgment of conviction, the PCR court should examine the timeliness of the petition and defendant must submit competent evidence to satisfy the standards for relaxing the rule's time restriction. State v. Brown, 455 N.J. Super. 460, 470 (App. Div. 2018).

To establish "excusable neglect," a defendant must demonstrate "more than simply . . . a plausible explanation for a failure to file a timely PCR petition." State v. Norman, 405 N.J. Super. 149, 159 (App. Div. 2009). Factors to be considered include "the extent and cause of the delay, the prejudice to the State, and the importance of the [defendant's] claim in determining whether

A-2067-18T3

there has been an 'injustice' sufficient to relax the time limits."  Afanador, 151 N.J. at 52 (quoting State v. Mitchell, 126 N.J. 565, 580 (1992)).

Defendant was sentenced on February 10, 2012.  His petition for PCR was filed on February 13, 2018, more than one year beyond the five-year time limit. Defendant contends that there was excusable neglect for the late filing because he was moved among five jails and prisons while incarcerated, through those moves he lost or was not provided with all of his legal papers, and he did not "realize" that a PCR petition had to be filed within five years of the date of his convictions.

We reject defendant's arguments concerning excusable neglect for two reasons.  First, ignorance of the law is not excusable neglect.  See State v. Murray, 162 N.J. 240, 246 (2000) (holding that defendant's assertion that he lacked sophistication in the law did not warrant relaxing the requirements of Rule 3:22-12).

Second, defendant's contentions regarding excusable neglect are bare assertions without factual support.  Defendant does not identify what legal papers he did not possess.  In March 2014, however, he did know that we had denied his appeal because he filed a petition for certification to the Supreme Court.  Moreover, by October 2014, he knew his petition to the Supreme Court

6

had been denied.  Thus, by October 2014, defendant knew of the alleged ineffective assistance of both his trial and appellate counsel.  Nevertheless, he waited over three years until February 2018 to file his PCR petition.  He has provided no adequate explanation of why he waited beyond February 2016 to file his PCR petition.

Defendant has also failed to show a reasonable probability that enforcement of the time-bar would result in a fundamental injustice.  Before us, defendant argues that his appellate counsel was ineffective in failing to raise on his direct appeal the denial of his motion to sever.  In that regard, he contends that he was prejudiced because his co-defendant, K.D., would have provided credible testimony in support of his self-defense claim if their trials had been severed.  The record at trial, however, establishes that defendant elected to testify before K.D. made an election concerning whether he would or would not testify.  Moreover, he made no showing that testimony from K.D. would have rebutted F.B.'s testimony and the evidence of F.B.'s injuries.

Finally, there was no showing that required an evidentiary hearing on defendant's PCR petition.  A defendant is entitled to an evidentiary hearing if he establishes a prima facie case in support of the PCR petition.  R. 3:22-10(b).  To establish a claim of ineffective assistance of counsel, a defendant must satisfy a

7

two-part test: (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and (2) "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984); State v. Fritz, 105 N.J. 42, 58-59 (1987).

The record simply does not support that defendant had a viable argument that his motion to sever was improperly denied. K.D.'s testimony at the motion to sever established that he was prepared to give testimony at that time both at a joint or separate trial. Accordingly, the trial judge appropriately denied the motion. It was only thereafter at trial that K.D. elected not to testify. Critically, however, that election was made after defendant had elected to testify. Just as importantly, it would be speculation to try to predict if K.D.'s testimony would have had any influence on the outcome of the trial. See State v. Porter, 216 N.J. 343, 355 (2013) ("[A] defendant is not entitled to an evidentiary hearing if the 'allegations are too vague, conclusory, or speculative to warrant an evidentiary hearing[.]'" (second alteration in original) (quoting State v. Marshall, 148 N.J. 89, 158 (1997))).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2067-18T3